MICHAEL C. ORMSBY
United States Attorney
Eastern District of Washington
ALEXANDER C. EKSTROM
Assistant United States Attorney
402 East Yakima Avenue, Suite 210
Yakima, Washington 98901
(509) 454-4425

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>     v.<br><br>LEONEL MICHEL VARGAS,<br><br>          Defendant. | NO: CR-13-6025-EFS<br><br>**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO SUPPRESS EVIDENCE FROM VIDEO SURVEILLANCE POLE CAM** |

The Plaintiff, United States of America, by and through its Attorney, Michael C. Ormsby, United States Attorney for the Eastern District of Washington, and Alexander C. Ekstrom, Assistant United States Attorney for said district, responds to defendant's motion to suppress evidence (ECF No. 47) as follows:

The Defendant files a motion to suppress the video depictions recorded by a pole camera, which is an instrument used by law enforcement to video record the activities of individuals being investigated. The advantage of a pole camera to law enforcement is that it saves the time and manpower required to conduct around the clock surveillance. As in this case, law enforcement is authorized to use the pole camera only to recorded activities that are otherwise open to public view, and not protected by the 4th Amendment. The pole camera was attached

to a utility pole adjacent to the property.  The Defendant's backyard is not surrounded by a solid fence, and any activities around the residence can be plainly seen by any passerby from, among other vantage points, Arousa Road, without invading the curtilage of the home.  *See Attachment A* (photos provided by TFO CLEM).  Consequently, the Defendant has no expectation of privacy merely because a video recording was made of activities that could otherwise be seen by the naked eye from any passerby.  *See United States v. Jackson*, 213 F.3d 1269, 1281 (10th Cir. 2000), *judgement vacated on other grounds by*, 531 U.S. 1033)(use of video cameras on telephone pole outside defendant's residence did not violate Fourth Amendment), *United States v. Vankesteren*, 553 F.3d 286, 291 (4th Cir. 2009)(noting that the use of surveillance camera to film an open field does not violate a reasonable expectation of privacy); *Oliver v. United States*, 466 U.S. 170, 179 (1984) ("[O]pen fields do not provide the setting for those intimate activities that the Amendment is intended to shelter from government interference or surveillance."), *see also Katz v. United States*, 389 U.S. 347, 347 (1967)("What a person knowingly exposes to the public, even in his own home or office, is not a subject of Fourth Amendment Protection.")

    The Defendant's attempt to put pole cameras in the same category as GPS monitoring devices, which the Supreme Court recently found required a warrant after years of providing law enforcement guidance that a warrant was unnecessary, is not novel.  *See United States v. Anderson-Bagshaw*, 509 Fed.Appx. 396

(6th Cir. 2012) (where the court nonetheless found no Fourth Amendment violation in pole camera filming backyard from adjacent vacant lot, from utility pole).  In *United States v. Taketa*, 923 F.2d 665 (9th Cir.1991), the Ninth Circuit found that while a DEA agent had a reasonable expectation of privacy in his office, and that expectation was violated through the use of hidden video surveillance, however, the court noted, "Video surveillance does not in itself violate a reasonable expectation of privacy. Videotaping of suspects in public places, such as banks, does not violate the fourth amendment; the police may record what they normally may view with the naked eye." *Id*. at 677. In *United States v. Nerber*, 222 F.3d 597 (9th Cir.2000), the Ninth Circuit suppressed hidden video surveillance, but did so because it found that drug dealers had a legitimate expectation of privacy in their hotel room after police informants left.

In *United States v. Cuevas-Sanchez*, 821 F.2d 248 (5th Cir.1987), cited by the Defendant, the police placed a camera on top of a power pole overlooking the defendant's ten-foot-high fence surrounding his back yard.  The court found that the defendant had a reasonable expectation of privacy that would have been violated because the fence surrounded his curtilage.  *Id*. at 251 and 251 FN1 (noting the presence of a 10-foot-high metal fence, as opposed to chain link fence elsewhere on property).  In this case, however, the pole camera did not record anything that could not have been seen through the chain link fence by a person standing on the side of the road where the camera had been

affixed.  When the Defendant and others conducted target practice near a road where they could easily be observed, they exposed their activities to the public.  As such, whether the area is or is not curtilage is inapposite, the argument fails under *Katz*.  Accordingly, the Defendant's motion should be denied.

DATED this 26th day of September, 2013.

```
                              MICHAEL C. ORMSBY
                              United States Attorney

                              s\Alexander C. Ekstrom
                              ALEXANDER C. EKSTROM
                              Assistant United States Attorney
```

Governments Resp. Mot. Suppress                4


I hereby certify that on September 26, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following, and/or I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participant(s): John Matheson.

                s/ Alexander C. Ekstrom
                Alexander C. Ekstrom
                Assistant United States Attorney
                United States Attorneys Office
                402 E. Yakima Ave., Suite 210
                Yakima, WA    98901
                (509) 454-4425
                Fax (509) 249-3297